UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marvin Dominic Green, # 185721, | ) | **C/A No. 8:06-626-MBS-BHH** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| H. Wayne Dewitt, Sheriff | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a civil rights action filed *pro se* by a local detention center inmate.[1]  Plaintiff alleges that his arrest, confinement, and prosecution by Berkeley County authorities for possession of marijuana and providing false information to law enforcement are all in violation of his federal constitutional rights.  He claims that there are discrepancies in the contents of the arrest warrants and/or affidavits in support of such warrants, but that his attempts to have authorities release him have proven unsuccessful.  He also claims that the conditions of his confinement at the Hill-Finklea (Berkeley County) Detention Center violate his constitutional rights because he has not been allowed to get his teeth cleaned since he has been incarcerated, and because the food served at the center is cold and unhygienically prepared and served.

The only Defendant named in this case is "H. Wayne Dewitt, Sheriff;" however Plaintiff does not allege what connection, if any, this individual has to the matters of which Plaintiff complains. Plaintiff does not allege that Sheriff Dewitt personally arrested him nor that Sheriff Dewitt is personally responsible for refusing to release Plaintiff from jail.  Furthermore, Plaintiff

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

does not allege that Sheriff Dewitt personally refused to let him get his teeth cleaned or that he personally prepared or served inadequate food.  Finally, there are no allegations that the matters of which Plaintiff complains are the result of any detention center policy over which Sheriff Dewitt has control.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).  Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990).   Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

2

As stated above, Plaintiff contests his arrest and subsequent confinement on criminal charges in Berkeley County.  He asks this Court to award him compensatory and punitive damages in the amount of $200,000.00, and requests the dismissal of all criminal charges against him, although it is not clear whether or not he has yet brought the matters he alleges before the state court to which his case is assigned in an attempt to have the pending charges dismissed by that court.  Because any cause of action against anyone based on his arrest and confinement which Plaintiff might ultimately have under 42 U.S.C. § 1983 has clearly not yet accrued,[2] Plaintiff's Complaint should be dismissed without prejudice.  *See* Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 *plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254*.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless Plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis added); *see* Ballenger v. Owens, 2003 WL 22961215 (4th Cir., Dec. 17, 2003); Schafer v. Moore, 46 F.3d 43 (8th Cir.1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); Stover v. Mackie, 2001 WL

---

[2]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).  The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

857211 (6th Cir., June 20, 2001)(complaints subject to dismissal under Heck v. Humphrey can be dismissed under 28 U.S.C. § 1915); *see also* Abrahm v. Jay, 1994 WL 387873 (N.D. Cal., July 12, 1994)(a dismissal under Heck v. Humphrey "is without prejudice to plaintiff re-raising his claim for damages once a cause of action has accrued"); Woods v. Candela, 47 F.3d 545 (2d Cir. 1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed). *Accord* Seaton v. Kato, 1995 WL 88956 (N.D. Ill., March 1, 1995); Smith v. Holtz, 879 F. Supp. 435 (M.D. Pa. 1995); Smith v. Wambaugh, 887 F. Supp. 752 (M.D. Pa. 1995).

Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pretrial detainees such as Plaintiff.  In this regard, Heck has been held to bar "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 898 n. 8 (7th Cir. 2001); *see* Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996) (holding that a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist."); Nelson v. Murphy, 44 F.3d 497 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); *see also* Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9th Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996); Escamilla v. Dallas Police Dept., 2001 WL 1338302, \*2+ (N.D. Tex., Oct 18, 2001); McSwain v. San Jose Police Dept., 1998 WL 46938 (N.D. Cal. 1998); Norris v. Super Cab Co., 1994 WL 665193 (N.D. Cal., Nov. 15, 1994); Daniel v. Ruph, 1994 WL 589352 (N.D. Cal., October 12, 1994); Barnett v. Thompson, 1994 WL 478490 (N.D. Cal., Aug. 22,

1994).

In <u>Daniel v. Ruph</u>, a district court applied the holding in <u>Heck v. Humphrey</u> to a pretrial detainee:

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth Amendment right to put on a meaningful defense. A judgment in favor of Plaintiff on that claim would imply the invalidity of his ongoing criminal proceedings. If plaintiff were successful in showing that he had been denied his constitutional right to prepare his defense, any conviction which flowed from that denial would be invalidated. Therefore, the instant allegations fail to state a cognizable claim under § 1983 and are DISMISSED without prejudice.

<u>Daniel v. Ruph</u>, 1994 WL 589352 (footnote following quotation omitted). In an earlier case, <u>Norris v. Patsy</u>, 1994 WL 443456 (N.D. Cal., July 29, 1994), the court noted that, under <u>Heck v. Humphrey</u> "[a] judgment in favor of Plaintiff here would imply the invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any request for damages pertinent to said proceedings is premature and must be DISMISSED." *See*, *e.g.*, <u>Shamaeizadeh v. Cunigan</u>, 182 F.3d 391, 397 (6th Cir. 1999); <u>Covington v. City of New York</u>, 171 F.3d 117, 124 (2d Cir. 1999); <u>Washington v. Summerville</u>, 127 F.3d 552, 555 (7th Cir. 1997).

Moreover, absent extraordinary circumstances, federal district courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, <u>Younger v. Harris</u>, 401 U.S. 37, 44 (1971); <u>Taylor v. Taintor</u>, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873); <u>Harkrader v. Wadley</u>, 172 U.S. 148, 169-70 (1898); <u>Cinema Blue of Charlotte, Inc. v. Gilchrist</u>, 887 F.2d 49, 50-53 (4th Cir. 1989). In <u>Cinema Blue of Charlotte, Inc. v. Gilchrist</u>, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *See* <u>Cinema Blue of Charlotte, Inc. v.</u>

5

Gilchrist, 887 F.2d at 52; see also Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th

Cir. 1975)(en banc).  In Bonner, the United States Court of Appeals for the Eighth Circuit pointed

out that federal constitutional claims are cognizable in both state courts and in federal courts:

"Congress and the federal courts have consistently recognized that federal courts should permit

state courts to try state cases, and that, where constitutional issues arise, state court judges are

fully competent to handle them subject to Supreme Court review."  Since Plaintiff apparently has

not yet brought his concerns about his arrest and detention before the state court for remedy, and

because the marijuana possession and giving of false information charges are still pending,

summary dismissal of Plaintiff's Complaint to the extent that it addresses Plaintiff's claims about

his arrest and subsequent confinement is proper under 28 U.S.C. § 1915(e)(2)(B).

Also, to the extent that Plaintiff complains of the conditions of his confinement at the Hill-

Finklea Detention Center, the Complaint is subject to summary dismissal due to Plaintiff's failure

to name a proper Defendant or to include sufficient allegations showing potential liability of the

person named as the Defendant.   While Defendant Dewitt (Sheriff) could be liable under § 1983

if a policy or custom for which he is responsible has caused a deprivation of Plaintiff's rights, the

allegations in the Complaint show that Plaintiff is complaining about the performance of the

medical and food-service personnel at the jail (or perhaps some jail officers), not about any kind

of policy which prevents him from obtaining certain kinds of treatment or care or food.  Even if the

Sheriff of Berkeley County controls the county jail (which is not clear from the pleadings), Sheriff

Dewitt cannot be held liable for the actions of the medical or food-service personnel, even if they

are his subordinates, unless these actions are the result of policies or customs for which he is

responsible.  See  Vinnedge v. Gibbs, 550 F.2d 926, 927-29, & nn. 1-2 (4th Cir. 1977) (respondeat

superior doctrine not applicable in § 1983 cases); see Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.

6

1994); <u>Slakan v. Porter</u>, 737 F.2d 368, 375-376 (4th Cir. 1984); <u>Fisher v. Washington Metro Area Transit Auth.</u>, 690 F.2d 1133, 1142-1143 (4th Cir. 1982)(citing <u>Hall v. Tawney</u>, 621 F.2d 607 (4th Cir. 1980)); <u>Stubby v. Hunter</u>, 806 F. Supp. 81, 82-83 (D.S.C. 1992).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* <u>Denton v. Hernandez</u>; <u>Neitzke v. Williams</u>; <u>Haines v. Kerner</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); <u>Boyce v. Alizaduh</u>; <u>Todd v. Baskerville</u>, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Several courts have held that a dismissal under <u>Heck</u> constitutes a "strike" under 28 U.S.C. § 1915(e)(2) and (g). *See* <u>Luedtke v. Bertrand</u>, 32 F.Supp.2d 1074 (E.D. Wis.1999); <u>Sandles v. Randa</u>, 945 F. Supp. 169 (E.D. Wis. 1996); *see also* <u>Rivera v. Allin</u>, 144 F.3d 719, 731 (11th Cir. 1998); <u>Grant v. Sotelo</u>, 1998 WL 740826 (N.D. Tex.1998). Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

S/Bruce H. Hendricks
United States Magistrate Judge

March 17, 2006
Greenville, South Carolina

7

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992);  Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984);  Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  *See*  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant);  Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins;  Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**